Carmelo **MEDINA CINTRON,**
et al., Plaintiffs,

v.

**SCORPIO RECYCLING, INC.,**
et al., Defendants.

Civil No. 98–1430(JP).

United States District Court,
D. Puerto Rico.

Aug. 12, 1998.

Carlos E. Aguilar Pérez, Woods & Woods, San Juan, PR, for Plaintiffs.

## JUDGMENT

PIERAS, District Judge.

The Court has before it Plaintiffs' Motion Requesting Entry of Default and Default Judgment (**docket No. 4**). Plaintiffs bring this action (1) against codefendant Scorpio Recycling, Inc. ("Scorpio") for age discrimination under the Age Discrimination in Employment Act ("ADEA"), (2) against Scorpio for discrimination under Puerto Rico Law 100, codified as amended at P.R. Laws Ann. tit. 29 § 146 ("Law 100"), (3) against Scorpio for unjust dismissal under Puerto Rico Law 80, codified as amended at P.R. Laws Ann. tit. 29 § 185(a) ("Law 80"), (4) against all Defendants for fraudulent conversion under Article 1802 of Puerto Rico's Civil Code, codified at P.R. Laws Ann. tit. 31 § 5141, and (5) against all Defendants for breaching their fiduciary duty to Plaintiffs as shareholders of Scorpio, Astur Metals, Inc., and Family Metals, Inc.[1]

■ Plaintiffs invoke federal question jurisdiction with respect to coplaintiff Carmelo Medina's ("Medina") ADEA claim and the Court's supplemental jurisdiction with respect to Plaintiffs' remaining claims. As an initial matter, the Court finds that no supplemental jurisdiction exists over Plaintiffs' fraud and breach of fiduciary duty claims. The supplemental jurisdiction statute provides this Court with jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Plaintiffs allegations of fraud and breach of fiduciary duty, improperly encaptioned "STOCKHOLDERS DERIVATIVE ACTION," bear absolutely no relation to Plaintiffs' age discrimination claims—"they do not derive from a common nucleus of operative fact." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1175 (1st Cir.1995) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Unlike in *Doral*, in which the First Circuit found supplemental jurisdiction over commonwealth civil rights

1. The Court has gleaned these claims from the first through seventh "Causes of Action" stated in Plaintiffs' Complaint. The first alleges age discrimination under the ADEA; the second alleges unspecified discrimination under Puerto Rico Law 100; the third seeks mental anguish for Defendants' alleged actions, but provides no legal basis (statutory or otherwise); the fourth seeks attorneys' fees under 29 U.S.C. §§ 216(b) and 626(b) and/or P.R. Laws Ann. tit. 29 § 149; the fifth alleges unlawful termination under P.R. Act 80, codified as amended at P.R. Laws Ann. tit. 29 § 185; the sixth alleges fraud in converting Plaintiffs' funds, and the seventh alleges breach of fiduciary trust in denying Plaintiffs access to corporate records and making use of corporate assets. Plaintiffs' third and fourth Causes of Action appear to be mere extensions of the discrimination claims made in Plaintiffs' first and second Causes of Action.

claims where original jurisdiction was over essentially equivalent federal civil rights claims brought under Title VII, Plaintiffs' fraud and breach of fiduciary duty and age discrimination claims do not "derive from a reservoir of common facts," and "would *[not]* ordinarily be heard together in a single consolidated trial." *Doral,* 57 F.3d at 1176. Therefore, the Court has no supplemental jurisdiction over Plaintiffs' fraud and breach of fiduciary duty claims.[2] In light of the Court's lack of jurisdiction, the Court hereby **ENTERS JUDGMENT DISMISSING PLAINTIFFS' CLAIMS FOR FRAUD AND/OR CONVERSION AND BREACH OF FIDUCIARY DUTY WITHOUT PREJUDICE.**

For the same reasons, the Court must dismiss Plaintiffs' commonwealth claims based on race discrimination. Although not specifically mentioning race discrimination in any of their enumerated Causes of Action, Plaintiffs do mention racial discrimination in the body of their Complaint. But Plaintiffs' have not invoked any federal statutes supporting a cause of action for racial discrimination. Thus, Plaintiffs' racial discrimination claim—if indeed they have even made one—has been brought under commonwealth law, Law 100 specifically. Such a claim does not arise out of a nucleus of facts in common with Plaintiffs' federal age discrimination claim. Therefore, the Court has no supplemental jurisdiction over Plaintiffs' race discrimination claim and hereby **ENTERS JUDGMENT DISMISSING PLAINTIFFS' CLAIMS FOR RACIAL DISCRIMINATION—IF ANY HAVE EVEN BEEN LEVELED—WITHOUT PREJUDICE.**

The Court is left with Plaintiffs' age discrimination and unlawful discharge claims against Scorpio;[3] the Court believes that Plaintiffs' wrongful discharge claim is sufficiently related to Plaintiffs' federal claim to create supplemental jurisdiction thereover. Plaintiffs have filed proof of service on Scorpio, so if summons was correctly served, Scorpio is in default. Process server Liza

Gallardo served Julio Ramirez, Scorpio's operations manager, on June 26, 1998. Puerto Rico Rule of Civil Procedure 4.4(e) provides that service may be made "upon a corporation .... by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other [authorized] agent." As service was made upon Scorpio's operations manager, a managing agent, the Court finds that service was properly made and that Scorpio is in default.

When a defendant fails to answer the Complaint and default is entered against that defendant, the Court must accept the factual allegations in the Complaint. *Bonilla v. Trebol Motors Corp.,* 150 F.3d 77, 82–83 (1st Cir.1998). Plaintiffs' Complaint alleges facts sufficient to support both a claim under the ADEA and Law 100 based upon age discrimination—i.e., that Plaintiff was discharged due to his age—and a claim under Law 80—i.e., that Medina was dismissed without cause. Therefore, the Court hereby **ENTERS JUDGMENT FOR PLAINTIFFS WITH RESPECT TO THEIR CLAIMS UNDER THE ADEA, LAW 100, AND LAW 80.** The Court hereby **SETS** a **HEARING ON DAMAGES** for **NOVEMBER 23, 1998 AT 9:00 A.M.** The Court hereby ORDERS Plaintiffs to file, on or before September 15, 1998, a brief supporting each element of damages to which Plaintiffs believe they are entitled. In this brief, Plaintiffs are to state what elements of damages (e.g., back pay, front pay, pain and suffering, etc.) each Plaintiff is entitled to. Each element of damages for each Plaintiff should be asserted separately and followed by a statement of (1) the statutory basis for that element, (2) any jurisprudence supporting (or refuting) that element, (3) the amount sought for that element, and (4) a statement of the evidence Plaintiffs intend to introduce at the hearing to prove that amount. Plaintiffs **SHALL** attach to said brief an *indexed* collection of all documentary evidence they plan to use at the hearing, and when they state any documentary evidence they intend to introduce to

---

2. In addition, Plaintiffs allegations of fraud fail to meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

3. All Plaintiffs' claims against other Defendants have been dismissed. Only Scorpio remains as a Defendant.

support any particular claim of damages, they shall refer the Court to that document. For example, the brief should read as follows:

"1. Coplaintiff Medina is entitled to damages for his mental anguish under both the ADEA and Law 100 as a result of his dismissal. In *Doe v. Roe*, 999 F.2d 999 (1st Cir.1999), the First Circuit held that ADEA Plaintiffs are entitled to damages for mental anguish where ... In *Fulano v. Juan del Pueblo*, 999 D.P.R. 999 (1999), the Supreme Court of Puerto Rico held that plaintiffs are entitled to damages for mental anguish under Law 100 where ... Medina's mental anguish should be compensated in an amount of not less than Ten Thousand Dollars ($10,000.00). Coplaintiff Medina will testify at the hearing regarding his mental anguish." [4]

IT IS SO ORDERED.

4. Of course, this is only an example, and the Court is not implying in any way that Plaintiffs are or are not entitled to damages for mental anguish or opining how much such damages would be worth.